Peck J.
dissentients. I do not see any error in the revival of the suit, the trial of the issue made by Brown in his lifetime, or in the giving judgment against the *470 estate in the hands of the newly made defendants, except the calling in the widow. But judgment has also been rendered against the securities in the appeal bond given by Brown: this I humbly conceive is erroneous: it is assumed that the condition of the bond is broken, because the appeal has not been prosecuted with effect; but it must be kept in remembrance, that as far as the appellant is concerned, there is an abatement of the cause. The scire facias, which is defined to be an action, makes this a new case; by the revival, the widow and heirs are before the court as defendants. By the act of 1794, ch. 1, sec. 63, the appeal bond is ordered to be made part of the record to be sent up, i£on which, (in case of affirmance against the principal) judgment may be instanter entered against the appellant and his securities.” In the case before us, there is no affirmance; no judgment against the principal. The judgment is against other parties, and the estate designated, out of which it shall be satisfied.
The summary mode of taking judgment by motion, (which is this case, so far as the securities are proceeded against,) is in derogation of the principles of the common law, and of the constitution of Tennessee securing the right of trial by jury. In all such cases, the summary course of proceeding must be direct and within the provisions of the act which gives it, or it will not be followed.
Here is no judgment against the principal in the bond, no affirmance of the judgment of the county court, and therefore the act of assembly is not broad enough to authorize the judgment against the securities; for the judgment rendered is a new judgment against the estate of the deceased.
From the very words of the act of 1794, ch. 1, sec. 63, the right and power to render the judgment against the securities is made to depend apon the judgment against the principal. The newly substituted defendants, *471 bad they been sued in the first instance, would not have been compelled to have given security for the debt in case they had taken the appeal (5 Yerg. 197). Judgment does not pass against the heirs in the same general terms, in which it would have been rendered against the principal in the bond, had he been before the court.
But it is assumed that there shall not be an abatement. The act provides: “that the cause may be proceeded in by the heirs, executors, administrators,' or assigns of either” (plaintiff or defendant); and that inasmuch as the suit may be revived, the same judgment may follow as would have been rendered had the appellant lived. This consequence does not follow hy the words of the act; nor do I think the argument can be borne out even by in-tendment. We have uniformly denied giving these summary judgments, by construction of law; they have been withheld where the very letter leaves the authority to proceed doubtful. 4 Yerg. 569, 157: 3 Yerg. 62, 414, 355, 41: 2 Yerg. 484, 400, 413: 5 Yerg. 203.
I may here venture to say, that no class of cases in our books of reports can be found more numerous or uniform than this class, which resists the right to give the judgment unless the case is brought directly within the provision of the act authorizing it.
Two 'considerations are very forcible with me, to show that the judgment cannot be given. 1. In all cases where judgment is given against the securities, they are instantly entitled to a judgment over against the principal; here this judgment cannot be given. 2. What form of execution must follow this judgment.
An execution, special and limited, against the estate in the hands of the heirs of Brown, and genera) against, (not the securities of the heirs,) but the securities of the deceased, against whom all proceeding abated by his death.
“Actus dei nemini faciet injuriam,,” is a maxim which applies; when the suit abated as to the principal, by consequence it abated as to the securities. We cannot say *472 what might might have been the result, had the appellant, instead of the substituted parties, defended throughout; and as the act is confessedly not broad enough to cover the case by express provision, it must be taken as one of omission, which no intendment can help. So far, therefore, as the judgment in the court below has been rendered against the securities of Brown, it is, in my opinion, erroneous.
Judgment affirmed.